### No. 434
### CLEVELAND RWY. CO. v. McGINTY
No. 19751. Supreme Court
On motion to certify. Dock. April 5, 1926.

**225. CHARGE TO JURY**—Where a minor child has been injured while on a street car with her mother and the mother testifies that said child made no complaint at the time of the accident, is it error for the court to refuse to charge that the mother's testimony cannot be considered as against the minor, but be considered only in determining credibility of witness?

Magdelene McGinty, a minor, by her next friend Michael McGinty, brought this action originally in the Cuyahoga Common Pleas against the Cleveland Railway Co. for alleged personal injuries sustained while a passenger on a car belonging to the company.

It appears that on July 9, 1919, the plaintiff being less than a year old, and while sitting on her mother's lap in a street car belonging to the company, another of its cars collided with the car in which she was riding. It was claimed that as a result of said collision she was so injured that her right side became paralyzed. The question at issue was whether or not the injury was caused by the collision.

During the trial the following question was asked the mother on cross examination:

"Now, at the time, Mrs. McGinty there wasn't any complaint made to any member of the train crew about any injury to you or injury to the baby?"

The court permitted this question answered over objection of plaintiff and thereupon plaintiff requested the court as follows:

"I ask the court to instruct the jury as to the purpose of your Honor's permitting this testimony. We ask the court to say to the jury that this cannot be considered as against the baby, the plaintiff in this action; that it can only be considered by the jury in determining what weight shall be given to the testimony of this witness."

This instruction was refused and jury returned verdict for the company.

The Court of Appeals reversed the judg-

ment on the ground that prejudicial error had been committed in refusing to instruct the jury as requested.

The company, in the Supreme Court, contends that the instruction would have denuded the evidence of its important character and limited it to impeaching the witness, which was not the purpose for which it was offered.

Attorneys—Squire, Sanders & Dempsey for Company; Vickery & Vickery for McGinty; all of Cleveland.